UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AIDA KATIE GARCIA, | Case No. 2:14-CV-1707 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| NEVADA PROPERTY 1, LLC d/b/a THE COSMOPOLITAN OF LAS VEGAS, et al., | |
| Defendant(s). | |

Presently before the court is defendant Nevada Property 1, LLC's (hereinafter "defendant") motion to dismiss. (Doc. # 9). Plaintiff Aida Katie Garcia (hereinafter "plaintiff") filed a response, (doc. # 11), and defendant filed a reply, (doc. # 13).

**I.   Background**

Defendant Nevada Property operates the Cosmopolitan of Las Vegas. Beginning on December 1, 2010, plaintiff was employed by defendant Nevada Property as a dealer. On or about November 1, 2013, plaintiff's pit manager asked her to move from a blackjack table to a roulette table located in a different pit. (Doc. # 1).

When plaintiff approached the roulette table, she saw defendant Jose Samat ("Samat"), a casino patron. Samat had been playing at plaintiff's roulette table the night before. Samat ran to plaintiff and gave her a hug. As the evening progressed, Samat became more physically aggressive toward plaintiff. He grabbed her face, kissed her mouth, grabbed her buttocks, picked her up, and licked her on the neck and face. (Doc. # 1).

At one point when plaintiff was bent over her roulette table, Samat came up behind her and simulated a sexual act while grabbing her breasts. All of the described acts occurred in plain sight of management employees. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

Plaintiff repeatedly asked Samat to stop, but he refused.  The casino managers ignored plaintiff when she asked for help.  As a result, Samat's conduct continued for two hours until he ran out of money and was asked by management employees to leave.  (Doc. # 1).

A male dealer had been assigned to the roulette table before plaintiff.  Plaintiff later learned that Samat had treated this dealer similar manner.  Plaintiff was informed that the male dealer had asked to be removed due to Samat's conduct.  (Doc. # 1).

Management gave the dealer permission to change tables, and plaintiff was moved to the table at that time.  Plaintiff also learned that management told security personnel not to interfere or attempt to stop Samat's aggressive acts toward plaintiff.  (Doc. # 1).

On January 23, 2014, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  (Doc. # 1).  On July 17, 2014, plaintiff received a right to sue letter.  (Doc. # 1).

On October 15, 2014, plaintiff filed the instant complaint alleging causes of action against defendant Nevada Property for sexual harassment; negligent/intentional infliction of emotional distress; respondeat superior and vicarious liability; and punitive damages.  (Doc. # 1).  Plaintiff also asserted claims against Samat for assault and battery; negligent/intentional infliction of emotional distress; and punitive damages.  (Doc. # 1).  Defendant Nevada Property then filed the instant motion.  (Doc. # 9).

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

James C. Mahan
U.S. District Judge

- 2 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendant moves to dismiss counts four, five, and six of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 9). These claims will be addressed in turn.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

       *i.*     *Negligent infliction of emotional distress*

Defendant moves to dismiss plaintiff's fourth cause of action for negligent infliction of emotional distress ("NIED"). Defendant contends that Nevada law does not provide for direct NIED claims. (Doc. # 9).

In her response, plaintiff opposes dismissal of this claim on the grounds that "it would be unjust to treat a direct victim as a second class citizen when preventing her from obtaining relief under a claim of NIED." (Doc. # 11). Plaintiff cites multiple cases in support of her argument that she may bring a claim for NIED. (Doc. # 11).

In Nevada, NIED claims may be brought only by bystander plaintiffs. *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999). Nevada law does not provide a cause of action for plaintiffs to allege direct infliction of emotional distress from conduct that was merely negligent. *See Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 935 (D. Nev. 2010) (discussing *Schoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995)).

The cases that plaintiff cites do not support her cause of action for NIED. *See, e.g.*, *Crippens v. Sav On Drug Stores*, 961 P.2d 761, 762 (Nev. 1998) (allowing bystander plaintiff's NIED claim); *Kennedy*, 727 F. Supp. 2d at 934 ("A separate claim of NIED typically lies only where the emotional harm is based on observance of a physical injury to another, usually a close relative."); *Schoen*, 896 P.2d at 477 (explaining that victim-plaintiff may obtain damages for negligent infliction of emotional distress through cause of action for negligence).

Plaintiff's complaint does not include any allegation that she was a bystander rather than a direct victim of the purported conduct. Further, while plaintiff titles this cause of action as "negligent/intentional infliction of emotional distress," plaintiff does not allege that defendant's conduct was intentional. (Doc. # 1). Plaintiff argues only that she may recover damages for defendant's negligent conduct pursuant to a claim for NIED. (Doc. # 11).

Because Nevada law does not allow a separate cause of action for direct NIED, plaintiff's fourth cause of action will be dismissed.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

### ii. *Respondeat superior and vicarious liability*

Count five of plaintiff's complaint asserts claims for respondeat superior and vicarious liability. (Doc. # 1). Defendant moves to dismiss count five on the grounds that these theories are not separate causes of action. (Doc. # 9). Plaintiff does not oppose defendant's request. (Doc. # 11). She notes that by referencing these theories, she was simply trying to highlight the basis for her claims. (Doc. # 11).

As the parties recognize, the doctrine of respondeat superior provides that employers are vicariously liable for the actions of their employees within the scope of employment. Respondeat superior is a theory of liability, not a cause of action. *See Mitschke v. Gosal Trucking, LDS., et al.*, 2:14-cv-1099 JCM (VCF), 2014 WL 5307950, at *2-3 (D. Nev. Oct. 16, 2014); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2:12-cv-295 JCM (GWF), 2012 WL 1832571, at *1 n.1 (D. Nev. May 18, 2012).

Similarly, "[v]icarious liability is not an independent cause of action, but rather a theory assigning liability . . . ." *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (granting motion to dismiss claim for vicarious liability on these grounds). While this theory may impose liability on a particular defendant, it is not an independent cause of action.

Accordingly, plaintiff's fifth cause of action for respondeat superior and vicarious liability will be dismissed. This does not preclude plaintiff from arguing that either theory applies in the instant case.

### iii. *Punitive damages*

Defendant moves to dismiss plaintiff's claim for punitive damages on the grounds that it is not a separate cause of action. (Doc. # 9). In her response, plaintiff cites case law that she believes supports this cause of action. (Doc. # 11).

The cases that plaintiff cites do not address the appropriateness of a separate cause of action for punitive damages. *See Shoen*, 896 P.2d at 477 (reversing district court's grant of summary judgment on punitive damages issue because certain of plaintiff's tort claims might entitle her to seek punitive damages at trial); *Peterson v. Miranda*, 2:11-cv-01919-LRH-PAL,

**James C. Mahan**
**U.S. District Judge**

- 5 -

2014 U.S. Dist. LEXIS 95667, at *24 (D. Nev. July 7, 2014) (refusing to foreclose possibility of punitive damages based on disputed issues of fact).

Punitive damages, like plaintiff's vicarious liability and respondeat superior claims, are not a legitimate basis for an independent cause of action. Punitive damages are one remedy that the court may impose upon a finding of liability. Therefore, plaintiff's sixth cause of action for punitive damages will be dismissed.

This does not preclude plaintiff from requesting punitive damages at a later date. Because any damages dispute is currently premature, the court will address the issue of damages if and when plaintiff succeeds on any of her remaining claims.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant's motion to dismiss, (doc. # 9), be, and the same hereby is, GRANTED. Plaintiff's fourth, fifth, and sixth causes of action are hereby DISMISSED.

DATED January 6, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**